UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IVAN HUERTA VALENCIA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY N. THOMPSON, et al.,<br><br>Defendants. | NO. 1:18-CV-3007-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEY'S FEES |

BEFORE THE COURT are Defendant's Motion to Dismiss Complaint (ECF No. 10) and Motion for an Award of Attorney's Fees (ECF No. 11). These matters were heard without oral argument, the Court determined pursuant to LR 7.1(h)(3)(B)(iv) that oral argument is not warranted. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss Complaint (ECF No. 10) is **GRANTED** and Defendant's Motion for an Award of Attorney's Fees (ECF No. 11) is **DENIED**.

//

## BACKGROUND

On January 25, 2018, Plaintiff Ivan Huerta Valencia, proceeding *pro se*, filed a Complaint alleging a 42 U.S.C. § 1983 claim against Defendant Timothy N. Thompson and other unnamed Defendants. ECF Nos. 1; 4. Mr. Thompson was served on April 18, 2018 and proof of service was filed on May 2, 2018. ECF No. 9. On May 9, 2018, Mr. Thompson filed the instant Motion to Dismiss and Motion for Attorney's Fees. ECF Nos. 10; 11. On June 20, 2018, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. ECF No. 16.

## FACTS

The following facts are drawn from Plaintiff's Complaint and are accepted as true for the purposes of the instant motion. Plaintiff asserts his claim against Mr. Thompson in his individual capacity and other unnamed Defendants in their individual capacities. ECF No. 4 at 2-3. Plaintiff contends that the underlying facts of his § 1983 claim are "malfeasance as per lease option to purchase, which was eradicated and erroneous." *Id.* at 4. Plaintiff states that there was a "violation of constitutional and judicial rights by Defendants willfully violating standard court procedures, including, but not limited to, Defendants' violation of Plaintiff's due process rights relating to federal judicial procedures." *Id.* He asserts that the injuries are to be determined, and demands immediate relief of $750,000.00 for punitive and actual damages. *Id.* at 5.

## DISCUSSION

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

//

//

**B. 42 U.S.C. § 1983**

Under 42 U.S.C. § 1983, a cause of action may be maintained "against any person acting under color of law who deprives another 'of any rights, privileges, or immunities secured by the Constitution and laws,' of the United States." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (quoting 42 U.S.C. § 1983). The rights guaranteed by § 1983 are "liberally and beneficially construed." *Dennis v. Higgins*, 498 U.S. 439, 443 (1991) (quoting *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 684 (1978)). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the plaintiff complains.'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (brackets and emphasis omitted) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). But, "the state-action requirement reflects . . . the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (citation omitted). A private party may only be appropriately characterized as a "state actor" when he exercises authority as a state official, acts together with or obtains significant aid from state officials, or because his conduct is otherwise chargeable to the State. *See Lugar*, 457 U.S. at 937.

### 1. Defendant Thompson

Defendant requests the Court dismiss the Complaint because Plaintiff fails to plead any facts in support of the position that Defendant is a state actor or acted under color of law. ECF No. 10 at 4. Defendant emphasizes that no facts were provided as to how he violated standard court procedures or how these alleged violations would constitute state action. ECF Nos. 10 at 4; 4 at 4. Defendant argues that the only substantive fact set forth in the Complaint is in relation to a lease with option to purchase, but even liberally construing this fact does not provide an explanation for how Defendant's conduct was that of a state actor. ECF No. 10 at 5.

Plaintiff insists that the question regarding his denial of "Due Process and constitutional rights per improper mortgage company procedures" cannot factually be answered by the Defendant, and thus his allegations are "enough to raise a right to relief above the speculative level." ECF No. 16 at 3.

The Court finds that Plaintiff does not allege any facts demonstrating how Defendant is a state actor or acting under color of state law. Even if there may be a question of fact regarding improper mortgage company procedures, Plaintiff cannot sue Defendant under § 1983 because it is clear that Defendant is not a state actor. Plaintiff then fails to state a claim for relief that is plausible on its face when there are no facts alleged that Defendant is a state actor. *See Twombly*, 550 U.S. at

555. Accordingly, Defendant's Motion to Dismiss is granted as the Court lacks jurisdiction under § 1983.

### 2. Unnamed Defendants

The Court also dismiss Plaintiff's claim as it relates to the unnamed Defendants. To establish liability pursuant to § 1983, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of plaintiff's specific protected rights. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff fails to allege any facts demonstrating how any individual unnamed defendant caused or personally participated in depriving Plaintiff of his Constitutional rights. Plaintiff is unable to provide any facts as to the unnamed Defendants' involvement in this case or that they were acting under color of state law. *See* ECF No. 4 at 2-3. The Court thus could not find enough facts to state a claim for relief that is plausible on its face in regards to these unnamed defendants without knowing their individual actions. *See Twombly*, 550 U.S. at 555.

## C. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the

pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012).

Here, Defendant insists that leave to amend should not be granted because amendment would be futile. ECF No. 10 at 6. Defendant emphasizes that Plaintiff alleges a real estate dispute. *Id.* Defendant argues that even if Plaintiff could conceivably amend the Complaint to allege a plausible claim for breach of contract, there is no set of circumstances where he will be able to amend the Complaint to allege a § 1983 claim or otherwise properly invoke the jurisdiction of this Court. *Id.* at 6-7.

The Court finds that Plaintiff cannot prevail and it would be futile to give him an opportunity to amend. Plaintiff does not have jurisdiction under § 1983 nor would he be able to assert diversity jurisdiction. The Court determines that there are no set of facts Plaintiff could allege to overcome this lack of jurisdiction. Plaintiff's pleading then cannot possibly be cured by other facts and the Court dismisses his claims without leave to amend in federal court, but without prejudice to a state court action.

**D. Attorney's Fees**

Defendant moves the Court for an award of attorney's fees pursuant to 42 U.S.C. § 1988 for $2,941.50. ECF No. 11 at 1, 7. Pursuant to 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee." 42 U.S.C. § 1988(b). "A prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983).

Here, Defendant argues that Plaintiff's Complaint is groundless and without merit. ECF No. 11 at 5. Defendant also states that the underlying contract has a provision that awards attorney's fees to the prevailing party for "any dispute arising out of or relating to this Lease …." ECF Nos. 11 at 6; 13 at 18. Defendant alleges that there is an element of bad faith because Plaintiff accepted and deposited the down payment check offered by Defendant. ECF Nos. 11 at 6-7; 12 at 6-13.

The Court declines to award attorney's fees. The Court invokes its discretion to deny attorney's fees as Plaintiff is a *pro se* litigant with limited understanding of the jurisdictional rules of federal court. The Court also notes that this suit was easily resolved without a great burden on Defendant, as the case was dismissed in less than six months after Defendant filed one motion.

Moreover, while this Court does not have jurisdiction over the contractual dispute, the state courts would have jurisdiction. This Court did not reach the merits of the dispute, only whether Plaintiff brought his complaint in the right court.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss Complaint (ECF No. 10) is **GRANTED**. Plaintiff's claims are **DISMISSED without leave to amend** in federal court. This dismissal is without prejudice to Plaintiff bringing a state court action.

2. Defendant's Motion for an Award of Attorney's Fees (ECF No. 11) is **DENIED**.

3. The telephonic hearing on these motions, currently scheduled for June 28, 2018, is **STRICKEN**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to the parties and **CLOSE** the file

**DATED** June 25, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR AN AWARD OF ATTORNEY'S FEES ~ 9